of America, and case number 21-1779, Brian Sorrell v. United States of America, or arguments not to exceed. 20 minutes to be shared by appellants, 20 minutes for appellees. Mr. May it please the court, my name is Jeremy Gordon, and I represent one of the appellants in this case, Mr. Brian Sorrell. Now I will be speaking first, and I'll be speaking for Mr. West, who will be speaking for 12 minutes, and Mr. West will be speaking for, I believe, five minutes for rebuttal. If that math adds up, okay. Actually, I'm sorry, it's three minutes for rebuttal. It's even more like three to me, but never do math in public. Now in my time before the court, I will briefly explain why the assault with the dangerous weapon and the aiding and abetting charge is not a valid predicate for Count 7's 924C charge. And if there's any time left, I will briefly go into the harmlessness analysis, but I'll also, at the end of it, cede the rest of my time to a co-appellant's counsel so that he can further touch on those issues during his time. The district court erred in finding that assault with a dangerous weapon and aiding and abetting was a valid predicate as a crime of violence for purposes of the 924C case. Now, when you look at what has been argued with regards to aiding and abetting, we can see that in order to prove aiding and abetting, there must be an affirmative act in furtherance of the offense with the intent of facilitating the offense's commission. Now in our brief, in the co-petitioner's brief, we've argued that this makes it, and these elements make it, analogous to the analysis that was given by the Supreme Court in United States v. Taylor. And Taylor indicates that the relevant issue is to look at the actual elements of the crime that the defendants were charged with committing. Now, the intent and the affirmative act do not require, in order to prove aiding and abetting, do not show and do not require the force against another person or property. So then when you contextualize that argument with regards to United States v. Taylor. Aiding and abetting require that they prove a completed act, right? Aiding and abetting some other crime that was completed, that's, right, which is the assault with a dangerous weapon, here. That's correct, Your Honor. So, in this particular case, it was shooting McGee or whatever, right? So the jury had to find that, you know, obviously a general verdict, but why is aiding and abetting seems to me to be different than attempt is? Because when, well, as we saw in Taylor, attempt, an attempt crime is not a valid offense. It's not a valid crime of violence predicate for purposes of a 924C. And what we're saying is that the key in Taylor is to look at the elements and look at what the defendant was accused of committing. And in this situation, when you look at it, then what you see is that it's not the same thing as what's required for the 924C. Right, but doesn't there have to be a completed offense for aiding and abetting as opposed to just an attempt? Well, there has to be a completed offense, but when you look at it, you see that there does not have to be a completed offense that is committed by the charged person, by the defendant. Do you have any case that you can cite us that says the attempt on the aiding and abetting, that the person aiding and abetting has to personally have completed the crime as opposed to just aiding and abetting the completed crime by others? I don't at this time, Your Honor, but that's why it all circles back and it all flows back to the argument that we presented forth in United States v. Taylor. You don't have a case. I don't, Your Honor, not at this time. If I find one, I can submit a supplemental brief or I can submit a 28-J, but as of this time, it all flows back to Taylor. Okay, well, this time, probably you're not going to find it in the next 24 hours either then, unless you're awful lucky. Maybe you'll hit the jackpot. Okay, proceed. So when you take all those things and when you contextualize them, it's our position that the 924C case falls, and this is important because if the 924C case falls, the 924C case falls because there's no other crime of violence for count five or count six, then that means that the 924C case goes away immediately and there is no harmlessness analysis. Got it. All right, I see that my time is up. Thank you. Thank you. May it please the Court, Michael West, Court-Appointed Counsel for Marvin Nicholson in Number 21-1768. I'll be reserving three minutes for rebuttal. So I'd like to begin by talking for a few more minutes about why the aiding and abetting convictions at issue here are not valid predicates to the 924C offense before turning to the harmlessness issue. So as Mr. Gordon was explaining, to prove an aiding and abetting offense, the government nearly has to prove, ask that defendant that he committed an affirmative act with the intention of committing the underlying assault. As Judge Nobaldi and Judge Larson pointed out, aiding and abetting does also require the government to prove that someone committed the underlying offense, but that someone does not have to be the defendant, and that matters under Taylor. So Taylor held that attempted Hobbs Act robbery is not a crime of violence under 924C. How the Court reached that conclusion is just as important and just as much part of the holding as that ultimate conclusion. And the Court was crystal clear in how it was analyzing that issue. It looked to whether the crime required the government to prove that the defendant used force. It said this five times. On page 20-20, it rejected that attempted Hobbs Act robbery. I hear that, and I understand your argument, an interesting one, but doesn't that really make sense in the attempt context? And drawing it out of that and applying it here doesn't make as much sense, given the differences between aiding and abetting and attempt? I think, Your Honor, that for these purposes, aiding and abetting and attempts are similar in all the ways it matters, in all the ways it matters. So attempt requires a substantial step in intent. Aiding and abetting requires an affirmative act in intent. But in aiding and abetting, I do have a crime of violence. Yes, it wasn't committed by the defendant, necessarily, but it's there. Somebody used force, whatever. And I aided and abetted it. It just seems like a different situation than attempt. And I understand that the Court in Taylor says the defendant a lot, I grant you that. But it seems like it makes sense in the attempt context, I suppose, and not here. You're saying that when I'm looking at the aiding and abetting part, not the underlying crime, that that person is not doing anything violent, right? Yes. I mean, that's the argument, right? Exactly, Your Honor. Has any court accepted that argument? No, Your Honor. No other court has, but the other courts that have rejected this, in our view, have not properly considered Taylor's insistent focus on the defendant. As you point out, Taylor says the defendant all the time. We think that language has meaning, and this Court is bound to give that meaning effect. And I think applying this defendant-specific approach makes particularly good sense in the aiding and abetting context. Judge Shambhala, as you just pointed out, or implied, to convict a defendant of aiding and abetting, the government can prove, or the bar is exceptionally low for what the government has to establish. Acts count, but so do words, support, encouragement, or just mere presence. So the government could convict a defendant of aiding and abetting assault simply because that defendant silently stood there, so long as that silent presence was tacit encouragement. Say what you will about using that legal fiction to convict the defendant of the underlying offense, and Mr. Nicholson is not challenging his conviction for that underlying offense. That's kind of a challenge to just the idea of aiding and abetting, isn't it? I mean, if I accept that that is aiding and abetting, and what happened was violent, I aided and abetted something that was an act of violence, then, I mean, why is that not enough? Your Honor, it's not enough under Taylor, so Taylor quoted 924C, and then it said, plainly, this language requires the government to prove that the defendant took specific actions against specific persons or their property. Right, but if I'm standing next to someone else who is committing an act of violence in my presence, and I'm, I mean, I don't know about the silently standing, I'd have to see that case, but definitely if I were cheering him on, go, go, I mean, and with my gun, go, go, I don't know, that seems kind of active, not passive. Well, that is, that would suffice. It seems like something I have done. That would suffice to convict the defendant of the underlying offense of aiding and abetting assault. Yeah. But under Taylor, it would not suffice to then use that conviction predicated on that legal fiction as an element in another statute, one that imposes harsh mandatory minimums. So that is our position. Turning to the harmlessness issue, if this Court disagrees with us that aiding and abetting is a crime of violence or is not a crime of violence, this Court should still reverse. Here's the path I see to a conclusion in Mr. Nicholson's favor. Here we have a 924C offense predicated on two alternative crimes of violence. Because a crime of violence is an element to a 924C offense, we effectively have a 924C offense predicated on alternative elements. If aiding and abetting assault is a crime of violence, but Vicar conspiracy is not, then we have here, as the government concedes, an instructional error. One of the elements in that, one of the alternative elements in that conviction is invalid. This Court's role is to now determine whether the jury unanimously agreed upon the sole remaining valid element, Vicar aiding and abetting assault. Identifying which of several alternative elements the jury relied upon or which of several alternative elements went into a defendant's offense is exactly what the modified categorical approach is crafted to do. This approach avoids the Sixth Amendment concerns of judicial fact-finding. It's simple to apply and effectuates the Supreme Court's demand for certainty in this context. How do you distinguish our case earlier this year in Bao v. United States? Yes. So, Bao did not address the modified categorical approach. No, it talked about the inextricably intertwined stuff. Yes. But the modified categorical approach, this argument was not raised in that case. And therefore, Bao does not bind this Court when it confronts this modified categorical argument. That's a long-standing principle dating back at least to a 1925 Supreme Court case called Webster v. Fall, which said that questions which merely lurk in the record, neither brought to the attention of the Court nor ruled upon, are not to be considered as having been so decided as to constitute precedents. This Court has cited that principle many times in distinguishing prior precedents that might look on point, but that ultimately are not because the current party is making arguments that are not. Is there something wrong with the way this Bao case, is there something wrong with inextricably intertwined? It seems to me to be the easier path to simply apply the test that we've already articulated and that other circuits have as well. I'm not aware of anybody that's applied this modified categorical approach in this context. It's kind of designed to figure out what a crime of violence is, not what the jury was doing. Yes, so we think Bao was, we think the modified categorical approach is the correct approach here because of the Sixth Amendment concerns that arise with judicial fact-finding. Granted those arguments were, you know... Inextricably intertwined is wrong. We think the inextricably intertwined test gets very close to a sufficiency of the evidence review, which is not the proper standard under Brecht. But if this Court disagrees with us on the modified categorical approach, Bao just simply applied the Brecht test. The question under Brecht is whether you as judges have a grave doubt as to the substantial and injurious effect on the jury's verdict. In our view, there is no way to determine with any confidence which element the jury unanimously agreed upon when it convicted Mr. Nicholson of 924C. But here, one count, the conspiracy count versus the 18 and the betting count both relate to the shooting, which is a crime of violence with a gun against the same individual gang member. Yeah, it's our position, Your Honor, that we cannot determine with any confidence which element of that, which crime the jury unanimously agreed upon. Some jury members might have looked to the conspiracy. Some might have looked to the assault. But because we cannot say with any confidence, based on the record... You're saying that there would have been a juror who would have thought, yes, you used a gun in furtherance of the conspiracy, but no, did not use a gun in aiding and abetting the assault with a dangerous weapon. Your Honor, I'm saying... That's the set we're looking for, that person. I'm saying, Your Honor, that there's no way to determine from the record which element... Doesn't it seem fairly implausible? I understand that's not the test, but it just seems odd to me that that... I mean, that's what inextricably intertwined is getting at, right? Can that person exist because they are different things? But it's a conspiracy to commit violence against the Satan sidekicks or whoever it was and that Leon McGee is one of them and he gets shot. It seems difficult under that test for you to prevail, I think. In our view, this speculation, these complications, this trying to figure out exactly what the record can bear is why this court should apply the modified categorical approach, which is just a legal inquiry. You look only to the Shepard documents to determine which element the jury unanimously agreed upon. Because those documents are unclear here, it's our view that Mr. Nicholson's conviction is missing an element and Mr. Sorrell's is as well. These convictions cannot stand and the district court's decision should be reversed. If this court has no further questions, I'd like to reserve the remainder of my time for rebuttal. Good morning. Mark Chastain appearing for the United States. The defendant's arguments in this case would require the court to take two radical departures from well-established principles and precedent. First, they overrated the Supreme Court's case last year in Taylor, which did not concern aiding and abetting, to wipe away decades of law stating that aiding and abetting a completed offense is the same and indistinguishable as committing the offense as a principle. And that's because, as this court has observed and as the defendants now concede, aiding and abetting requires a completed offense plus two more elements. So it imports all of the elements of the completed offense, in this case vicar assault with a dangerous weapon, plus the additional offense that they originally keyed on, that being an act aiding or encouraging the offense as well as the intent to encourage the offense. The other radical departure the defendants urge upon this court... I guess you're not, it seems like you're not as culpable, like you didn't do the violent act, right? I mean, you aided and abetted, and I understand that that seems, you know, obviously the years of law say, well, it's basically the same thing. Is that the way to analyze the language in Taylor? That when it talks about the defendant in an aiding and abetting context, it essentially is the defendant? Or that Taylor doesn't actually require that? Taylor does not discuss aiding and abetting at all. And the references to the defendant, as the court previously observed, makes sense in the attempt context. The problem in Taylor, and let me just back up, we talk about, counsels talked about Taylor being crystal clear. That's far from the case. What they were crystal clear about in Taylor, both at the beginning of the opinion and at the end, is that the only relevant question is whether the federal predicate crime at issue always requires the government to prove beyond a reasonable doubt the use, the attempted use, or threatened use of force. They say that twice. They bookend their opinion about it. They also say that that precludes looking at how any individual defendant committed the offense. So all of that is in the background. They say all of that with aiding and abetting in the background. It's not an issue in the case, but it's been federal law since at least 1948 when Section 2 was passed. And frankly, in existence when 924C was passed, that it's one of the bedrock principles of federal criminal law and all 50 states, as the court observed in the Gonzales case, that there is no distinction between aiding and abetting and committing the principal offense. So questions of culpability certainly could be one that would be brought up at sentencing, but I could argue that, frankly, initiating and encouraging someone to commit a crime as Antonio Johnson, the president of the PMC, and Mr. Nicholson, one of the high-ranking officials did in this case, in seeking your fellow gang members out to go commit violence is, in fact, as or more culpable than the person who actually commits the assault because they started the whole chain of events. And that's something that's been long recognized in the law. So there is no dispute that Count 5, the Vicar assault with a dangerous weapon, is a crime of violence. This court has settled that in Manners and Woods. And I would note that just as Taylor said that the only question is what the elements require, this court has said that in the Harris case, this court has recognized that there is no distinction between aiding and abetting and the principal offense in the Richardson case. And I would note in the Supreme Court's case in Rosemond, they talked about aiding and abetting a completed whole requires only aiding and abetting part of it. And that's a big part of the court's case. That someone can facilitate a 924C offense, they use that word facilitating several times, by only assisting with part of the whole. Either in that case, they talk about either facilitating the underlying predicate crime or the use of the firearm itself. And they say specifically that it is inconsequential that a defendant's acts did not advance each element of the offense. All that matters is that they facilitate one component of the offense. And so when we have 924C, which is sort of a compound crime of both the underlying predicate crime of violence or drug crime and then the use or possession of a firearm, that's what the Supreme Court is talking about. As long as you facilitate one part of that, it is aiding and abetting. And that same analysis would apply here. On the question I think that was asked earlier, and I apologize, which judge asked it about, actually I think it was Mr. West's example of just standing silent could be aiding and abetting. If we think about what their position would be with aiding and abetting under Rosemond, it really leaves a very bizarre and troubling result. So under their analysis, a defendant could be guilty of 924C if he commits a crime of violence without possessing a firearm but knowing in advance that it encompassed it, that's Rosemond, but not be guilty if he participates in a crime of violence but doesn't actually do the force but has a weapon. So let's take that example of somebody standing silently by. Someone who comes to the scene of a crime of violence as an accomplice and stands there as an armed guard, as an armed lookout, a bank robbery where the accomplices all go in and the person, our defendant, stands outside not threatening anybody with a gun, not putting a gun in anyone's face in a bank robbery, but standing outside with an AK-47 to prevent anybody from coming in and stopping, or even a concealed weapon that he'll use if necessary. The same could happen with an assault, as in this case, where they plan to go and assault gang members. We have evidence that other gang members were in the area and were armed, Mr. Nicholson being one of them with his bag full of guns in his pickup truck. That presence in the area is not directly using force, but they stand there ready to use a firearm in furtherance or during in relation to the crime of violence. Under the defendant's theory, those people who stand there with a gun during helping and assisting a crime of violence would not be found guilty of 924C. And that makes no sense under Rosamond or the long-standing principles of aiding and abetting. Turning to the harmless error question, the correct standard is as set out by the Supreme Court in Hedgepeth, and most recently a couple months ago in the Baugh case, and that is whether there's a reason to believe that there's a substantial, or whether the court would have grave doubt that there was a substantial and injurious effect on the jury's verdict. And the case law has further defined what grave doubt means, and that is a record that leaves the judge in virtual equipoise as to whether the error had that effect. And as Judge Nalbanian pointed out, it's really implausible on this record that any juror would have found, and there's no reason to believe that any juror would have found for count 7, the 924C count, based only on the conspiracy to commit the assault and not on the aiding and abetting to commit the assault. I think appellants would say to that, well, maybe that Brecht test works in other areas, but when you put it in a Sixth Amendment context where we're trying to unravel what a jury did in a jury room, I mean, and we've got two different crimes, maybe there's a Sixth Amendment problem there. I mean, do you just dismiss that? He has a creative workaround? It's a creative response to case law that cuts exactly the opposite way. The Supreme Court itself has said in Brecht and in Hedgepeth that when the courts are trying to review what a jury found in light of instructional error, we do use the Brecht test. In fact, in their brief, they try to distinguish the neater case in which the Supreme Court said even when an element is omitted from the jury instructions, the courts on review should be looking to the record to apply the substantial and injurious test. In fact, in Hedgepeth, they said the attempt to distinguish neater was patently illogical and led to the bizarre result that omitting an element entirely is somehow less pernicious than when you have a jury who got two instructions, one which is right and one which is incorrect. And then this court also addressed that issue in the Baugh case and made the same points that I'm making here today that this is what the Supreme Court has instructed the courts to do in this instance. What do you say about your opposing counsel's point that Baugh, though, didn't take into account the modified rule when it talked about inextricably intertwined and therefore we shouldn't give it the precedential value it otherwise would have? Well, we have a published case right on point in Baugh and in Baugh was, in fact, applying Supreme Court precedent. This court would have to both go contrary to its own precedent and the Supreme Court's precedents in order to graft in the modified categorical approach in a context in which they concede and they are correct. No court has ever done, in fact, has been explicitly rejected by several other circuits, as we have pointed out. So your point, I think, is that Baugh took into account the Sixth Amendment difficulties that appellant is raising and came up with a solution to those problems and they have a different solution to what they see as the problem but if we've already got a sufficient solution per our binding precedent, that's the one we need to apply. That's correct. The inextricably intertwined test is in Baugh, I think the reading of Baugh is to say this is what some other circuits have done and if you meet this test, if it's inextricably intertwined, as they have given no reason to dispute, they've never pointed to a single reason to say that there's some way to disentangle these predicate offense, then there is no reason to fear that the jury applied the invalid predicate as opposed to the valid one. Unless the courts have any additional questions, I'd ask that you affirm the judgment of the District Court. Thank you. Alright, we'll hear rebuttal. Thank you, Your Honors. I want to make three points in rebuttal. First, respectfully, we don't think that we over-read Taylor. The Supreme Court said in Mathis that a useful rule of thumb for reading Supreme Court decisions is that what they say and what they mean are one and the same. Taylor said five times that what matters is whether the government had to prove that the defendant used force. Under an aiding and abetting theory, the government does not have to prove that the defendant used force, so under Taylor, aiding and abetting is not a crime of violence. Insofar as Taylor might have other language articulating a more traditional categorical approach, in our view, when the rubber actually met the road in that decision, when the court was analyzing whether attempted Hobbs Act robbery is a crime of violence, Taylor applied this defendant-specific approach. That is the test that matters here, and that is the test this court should apply. My second point, Your Honors, is in the government's discussion of the categorical approach. It made a lot of hay of the facts here. That is entirely improper. What matters under the categorical approach is simply the elements the government has to prove. Under aiding and abetting, the government does not have to prove that a defendant actually used force, so that test is not or that conviction is not a valid crime of violence under 924C. Finally, Your Honors, my third point, Judge Larson, you kept mentioning the Sixth Amendment issues with applying this intertwined harmlessness test. We agree that there are serious issues with trying to figure out which element a jury unanimously agreed upon. Those same concerns motivated the Supreme Court to craft the categorical approach and craft the modified categorical approach. We think those same concerns are at issue here, and for that reason,  Thank you, Your Honors. Thank you for your argument. Mr. West, I understand you were appointed pursuant to the Criminal Justice Act. I want to thank you for accepting our appointment and for ably discharging your duties. All right, with that, I think we have concluded our final argument for today. The case will be submitted and the clerk may adjourn court.